## SUCCESSION OF PLAUCHE.

The acceptance or renunciation of the community by the heirs of the wife, are subject to the rules provided by law for the acceptance or renunciation of successions under the benefit of inventory; and the rights and powers of creditors are the same in both cases. C. C. 2383. They may, in either case, sue the legal representative of the succession, or make opposition to the accounts rendered by him. If they do so, on an exception by the executor or administrator, that the time allowed to the heir for deliberating whether he will accept the succession or community has not expired, the proceedings must be stayed until the expiration of the term, or until the heir has decided. C. C. 1046. Where no such exception is taken, either in writing or in argument, the court will proceed to decide on the rights of the creditors.

The succession of a deceased wife can be made liable only for one half of the community debts.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Lewis* and *Bermudez*, for the appellant. *Buscail* and *Grandmont*, for the opponents. The judgment of the court was pronounced by

ROST, J. *Marie Anne Marchand*, wife of *J. B. B. Plauché*, died, leaving all her property to her two sons by a former marriage. She appointed one of them the executor of her will; the other resides in France, and is represented in the succession by *Honoré Doussan*, his special attorney in fact. The succession is composed of paraphernal property, and of one-half of the property of the community which existed between the deceased and her last husband. The executor caused an inventory of both to be made in due time, and entered into the possession of the paraphernal property, leaving that of the community in the possession of the husband. A few days after the inventory had been re-

SUCCESSION
OF
PLAUCHE.

turned into court, the executor filed a provisional account of the claims presented against the succession, some of which were not admitted by him, on the ground that they were community debts for which the husband alone was responsible, that he, the executor, had not taken possession of the property of the community, and that community debts could not be recovered out of the paraphernal estate of the testatrix.

In the petition to which the account is annexed, the executor states his object to be, to ascertain the course to be pursued by him in his future administration of the succession; and to enable its creditors to establish any just claims they may have. The claims rejected were those of the physician and of the nurse, who attended the deceased during her last illness. These two creditors filed oppositions to the account, and those oppositions having been sustained, for the whole amount of the claims, the executor appealed.

The filing of the account by the executor, so short a time after the death of the testatrix, before he and his brother had either accepted or renounced the community, and before the term for deliberating had expired, was a premature proceeding. The fact that the husband continues in possession of the community property, does not, until the heirs renounce, affect their title to one half of it.

The acceptance or renunciation of the community by the heirs of the wife, are subject to the rules provided by law for the acceptance or renunciation of successions under the benefit of inventory; and the rights and powers of creditors are the same in both cases. C. C. art. 2383. They may, in either case, institute suits against the legal representative of the succession, or make opposition to the account he renders. If they do so, on the exception being made by the executor or administrator, that the heir is within the time for deliberating whether he will accept the succession or the community, as the case may be, the proceedings are stayed until the expiration of the term, and until the heir has decided. C. C. art. 1046. This exception has not been taken in this case, either in writing or in argument, and we are bound to proceed, and decide on the rights of the opposing creditors. The amounts claimed by them appear to us high, very high. But the evidence in relation to the value of the services, based upon the revolting nature of the decease, and the faithfulness with which they were rendered, is positive and stands uncontradicted. It satisfied the judge of the court below, and there is nothing in the record which can authorise us to interfere with that portion of the judgment. He erred, however, in allowing the whole amount of these two claims; they are community debts, for one half of which only, the succession of the wife is liable.

It is therefore ordered that the judgment in this case be amended; that the opponent, Honoré Doussan, be placed on the account as a privileged creditor for the sum of $217 50; and that the opponent, Magdeleine Plauché, be placed on the account as a privileged creditor, for the sum of $170. It is further ordered, that the judgment so amended be affirmed; the succession paying the costs of the District Court; those of this appeal to be paid in equal shares by the two opponents.*

---

* Lewis and Bermudez, for a re-hearing. Community debts should be paid out of community property: C. C. 2373. The husband of the deceased is in possession of the community property, yet the judgment condemns the succession, and of course the heirs, to pay those debts out of the paraphernal property of the wife, to the same extent as if she had alienated it with the consent in writing of her husband (C. C. 124); a consent which has never existed. The court presumes an acceptance of the community

---

by the heirs, which the law presumes a renunciation in their favor. 'C. C. arts. 2392, 2383, 2983. The income of the wife received by the husband is intended to help him to support the charges of matrimony. He must alone support them; the wife only helps him, and having done so to the utmost extent of the law she cannot be bound further— not as regards her husband, and still less towards those who may have contracted with the husband for things which he is by law bound to provide her with. C. C. art. 2412. B & S's. D. *verbo* Contracts of the Wife, E, p. 285, nos. 16, 19. Deslix's Digest, *verbo* Husband and Wife, p. 234, no. 12.

The judgment deprives the heirs of the deceased of a right which they possess even after having accepted the succession or community—that of discharging themselves from the payment of the debts of the succession or of the community, by abandoning its effects. The heirs and the executor have done every thing necessary to secure that right, and have avoided doing any thing which could have deprived them of it. C. C. arts. 1004, 1006.

Our Code recognises three sorts of successions, three sorts of heirs, and three sorts of administrators, each of which is treated of separately. There may be a similitude between the laws regulating these separate successions. The powers and duties of testamentary executors are, to a certain extent, similar to those of curators and those of administrators under the 1038th art. of the Civil Code; but the law does not permit the appointment of a testamentary executor to administer a vacant succession, nor the appointment of a curator to administer a testamentary succession; nor would the law permit, except where it so provides, the testamentary executor to seek for his powers and duties among those that are especially established for another sort of administrator, and to substitute such powers to others that are especially established for him, and by which he is to be governed. The court has however committed this error in their reference to the 2383d and 1046th articles of our Code. These articles, 2383 and 1046, referred to by the court, have no application to testamentary successions. A judgment cannot be rendered against a widow or an heir for a debt due by the community or succession, while the effects composing its assets are under the administration of a testamentary executor possessed of soizin. Who ever heard of an action instituted by a creditor against a testamentary executor for a privileged debt to be paid without delay (or any other debt), being stayed, because the beneficiary heir is within the time for deliberating, or until he decides whether he renounces or accepts the succession? The articles of the Code cited in the judgment evidently apply to cases where the wife, or the heirs, retain the effects of the succession or community, or where they are provisionally placed in the hands of an administrator for the purposes of a mere administration. This distinction is rendered the more sensible by a comparison of arts. 1044, 1045, 1046, of the Code, with arts. 1663, 1154, 1155 and 1156. As long as the prescription of renunciation is not determined, the heir may still renounce, where he has not made himself liable as heir. C. C. 1024. He has thirty years for so doing (C. C. 1023, 3420); and there is no law by which a widow or an heir can be compelled to accept or renounce a community or succession, when its effects are under the administration of a testamentory executor, having seizin.

